IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JEH, INC., and ERIC HINSHAW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.   05-2509 MaV |
| | ) | |
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC.; VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC.; and SCOTT CONSTRUCTION EQUIPMENT CO., LLC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Before the court is the October 11, 2005 motion of the plaintiffs, JEH, Inc. and Eric Hinshaw ("JEH and Hinshaw"), to compel the defendants Volvo Construction Equipment Rents, Inc. and Volvo Construction Equipment North America, Inc. ("the Volvo defendants") to respond to the Plaintiffs' First Request for Production of Documents.[1] Defendant Volvo Construction Equipment Rents, Inc. ("Volvo Rents") has filed a response in opposition to

---

[1] Plaintiffs' First Request for Production of Documents was also directed to Volvo Commercial Finance, LLC The Americas. Volvo Commercial Finance, LLC The Americas, however, has been dismissed as a party defendant, and accordingly the motion is moot as to Volvo Commercial Finance, LLC The Americas. The document requests at issue were not directed to the defendant Scott Construction Equipment Co., LLC.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _11-2-05_

the motion.[2] The motion was referred to the United States Magistrate Judge for determination.

On July 15, 2005, JEH and Hinshaw filed their First Request for Production of Documents while the case was still pending in Tennessee Chancery Court. The defendants subsequently removed the case to this Court. Upon removal, the Volvo defendants filed a motion to compel arbitration. At the August 22, 2005 scheduling conference, the plaintiffs and the Volvo defendants agreed that the litigation would be stayed and suspended effective from July 27, 2005 until October 1, 2005 pending voluntary mediation.[3] All responses that any party was required to make to pleadings, motions or discovery and all new pleadings, motions and discovery were therefore stayed and suspended until October 1, 2005.

On October 11, 2005, JEH and Hinshaw filed the motion currently before the court, asking the court to compel the Volvo defendants to respond to the First Request for Production of Documents, originally filed on July 15, 2005. The Volvo defendants argue that if they are required to respond to the document requests

---

[2] Counsel for Volvo Construction Equipment Rents, Inc. also represents Volvo Construction Equipment North America, Inc. The court will treat the response in opposition to the motion as filed on behalf of Volvo Construction Equipment North America, Inc. as well.

[3] Scott Construction did not agree to the stay and mediation.

2

they should have thirty days, that is, until November 4, 2005, pursuant to Rule 34(b) to do so,[4] but that they should not be compelled to answer any discovery requests before proceeding to arbitration. The court has not yet ruled on the Volvo defendants' July 22, 2005 motion to compel arbitration.

Compelling the Volvo defendants to respond to discovery requests at this time would be contrary to the purposes of arbitration. *See Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)(stating that "[a]rbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially."). In addition, JEH and Hinshaw have not informed the court of any specific need at this time for the Volvo defendants to produce the requested documents prior to proceeding to arbitration.

Accordingly, the plaintiffs' motion to compel production of documents is denied without prejudice at this time. In the event that the court denies the Volvo defendants' motion to compel

---

[4] It appears that the Volvo defendants arrived at this date by allowing themselves 30 days to respond after October 5, 2005 – the date the mediator filed his letter indicating that further mediation would be futile.

arbitration, the Volvo defendants' responses to the Plaintiffs' First Request for Production of Documents will be due within 30 days after service of such order.

IT IS SO ORDERED this 1st day of November, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:05-CV-02509 was distributed by fax, mail, or direct printing on November 7, 2005 to the parties listed.

---

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

C. Barry Ward
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Sean P. Trende
HUNTON & WILLIAMS- Richmond
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219--407

Margaret A. Reid
HUSCH & EPPENBERGER, LLC
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Glen G. Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Michael J. Lockerby
HUTTON & WILLIAMS, LLP
951 East Byrd St.
Riverfront Plaza, East Tower
Richmond, VA 23219

Stephen P. Hale
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Amy E. Ferguson
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Thomas F. Barnett
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT